# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2424

_____

E. Stephen Dean; Marcia C. Dean,    *
                                      *
        Appellants,           *
                                      *  Appeal from the United States
     v.                      *  District Court for the
                                      *  Eastern District of Missouri
Russell Duckworth; Richard Blatz,   *
                                      *     [UNPUBLISHED]
        Appellees.          *

_____

Submitted: March 25, 2004

Filed: April 26, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.


E. Stephen and Marcia Dean appeal from the final judgment entered in the District Court[1] for the Eastern District of Missouri granting summary judgment to defendants in the Deans' 42 U.S.C. § 1983 action. The Deans filed this action alleging that two Missouri Department of Conservation officers violated the Deans' Fourth Amendment rights by trespassing onto their property and photographing the

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

construction of their new home without a warrant. For reversal, they argue that they had a legitimate expectation of privacy in their partially constructed home, defendants acted unreasonably in ignoring a "no trespassing" sign posted at the entrance to their property, and defendants' taking photographs was akin to thermal-imaging. For the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, see Hill v. Scott, 349 F.3d 1068, 1971 (8th Cir. 2003), we agree with the district court that defendants' actions, which occurred in the course of their investigating road and bridge damage on Conservation Commission property, did not violate the Deans' Fourth Amendment rights. At the time of the alleged intrusion, the Deans did not live in the partially constructed home and were not even present in Missouri, the state of the home's construction did not prevent visual intrusion into it, and a construction worker--not the Deans--had posted the "no trespassing" sign and had done so merely to protect his construction equipment. See California v. Ciraolo, 476 U.S. 207, 211 (1986) (under Fourth Amendment, focus is on whether individual has manifested subjective expectation of privacy in object of challenged search and whether society is willing to recognize that expectation as reasonable); cf. United States v. Taylor, 90 F.3d 903, 908-09 (4th Cir. 1996) (no search occurred when police officer, who came to claimants' home on ministerial mission to return handgun, looked through picture window located directly adjacent to front door; although window had vertical blinds, position of blinds did not prevent visual intrusion into dining room and thus claimants exhibited no subjective expectation of privacy in their dining room or items clearly visible through window).

We reject as frivolous the Deans' argument that taking photographs with an ordinary camera was akin to thermal-imaging. Compare Ciraolo, 476 U.S. at 213 (warrantless aerial surveillance of fenced-in backyard within curtilage of home was lawful), with Kyllo v. United States, 533 U.S. 27, 34, 40 (2001) (warrantless sense-enhancing technology to observe interior of home was unlawful search because

information obtained could not otherwise have been obtained without physical intrusion into home and technology in question was not in general public use).

Accordingly, we affirm.

_____